UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

|  |  |
|---|---|
| FTF LENDING LLC, a Delaware limited liability company<br><br>   Plaintiff<br><br>vs.<br><br>L & L LOTT CONSTRUCTION LLC, an Illinois limited liability company, having taken title as L&L LOTT CONSTRUCTION CO., and ANDRE LOTT, an individual<br><br>   Defendants | CASE NO.: 1:23-cv-07504 |

JUDGMENT ENTRY AND DECREE OF MORTGAGE FORECLOSURE AND SALE

1414 West 73rd Place, Chicago, Illinois 60636
(PIN 20-29-122-021-0000)

The matter is before this Honorable Court upon the following:

A. Plaintiff FTF Lending LLC's Motion for Judgment by Default against Defendant L & L Lott Construction LLC pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (ECF Doc. 19), and

B. Plaintiff FTF Lending LLC's Motion for Judgment by Default against Defendant Andre Lott pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (ECF Doc. 20).

Having fully reviewed the Motion(s) (ECF Docs. 19 and 20), the affidavit(s) and/or declaration(s) filed in support thereto (ECF Docs. 17), and the docket, the Court now finds as follows:

1. The following Defendants were properly served with the Summons and Complaint in the manner set forth below:

a.  Defendant:          L & L Lott Construction LLC
    Date of Service:    January 23, 2024
    Type of Service:    Service upon Illinois Secretary of State
    (ECF Doc. 15.)

b.  Defendant:          Andre Lott
    Date of Service:    September 14, 2023
    Type of Service:    Personal Service
    (ECF Doc. 7.)

This Court has jurisdiction over the Parties and the subject matter of this lawsuit.

2.  Defendant L & L Lott Construction LLC is the real owner of one (1) parcel of real property more commonly known 1414 West 73rd Place, Chicago, Illinois 60636 (PIN 20-29-122-021-0000) (the "**Property**") by virtue of that certain Special Warranty Deed (the "**Vesting Deed**") recorded on September 20, 2018 in the Office of the Clerk, Cook County, Illinois as Document #1826344009.  (ECF Doc. 17 at 3, ¶ 16; ECF Doc. 17-4.)

3.  The legal description of the Property is as follows:

    LOT 17 IN JOHN R. LYMAN'S RESUBDIVISION OF LOTS 16 TO 30, BOTH INCLUSIVE IN MARGARET R. MCKEOWN'S RESUBDIVISION OF BLOCK 10 IN JONES AND OTHERS SUBDIVISION IN THE WEST 1/2 OF SECTION 29, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

    Address:    1414 West 73rd Place, Chicago, Illinois 60636
    PIN:        20-29-122-021-0000

4.  Defendant L & L Lott Construction LLC executed a certain promissory note (the "**Note**") dated March 2, 2022 in favor of Plaintiff FTF Lending LLC in the original principal amount of $97,000.00, plus interest on the unpaid principal balance.  (ECF Doc. 17 at 2, ¶ 10; ECF Doc. 17-1.)

5.  To secure repayment of the Note, Defendant Andre Lott executed a certain commercial guaranty (the "**Guaranty**") dated March 2, 2022 in favor of Plaintiff FTF Lending LLC.  (ECF Doc. 17 at 2, ¶ 11; ECF Doc. 17-2.)

6.  To further secure repayment of the Note, Defendant L & L Lott Construction LLC executed a certain mortgage, assignment of leases and rents, fixture filing, and security agreement (the "**Mortgage**") dated March 2, 2022 in favor of Plaintiff FTF Lending LLC.  The Mortgage was recorded against the Property on March 15, 2022 in the Office of the Clerk, Cook

2

County, Illinois as Document #2207406329. (ECF Doc. 17 at 2-3, ¶¶ 12-14; ECF Doc. 17-3.)

7.  Plaintiff further perfected the Mortgage by filing a certain Uniform Commercial Code Fixture Filing (the "**UCC Fixture Filing**") against the personal property situated on the Property. The UCC Fixture Filing was recorded on March 15, 2022 in the Office of the Clerk, Cook County, Illinois as Document #2207406330. (ECF Doc. 17 at 3, ¶ 15; ECF Doc. 17-3.)

8.  In the Mortgage, Defendant L & L Lott Construction LLC granted, mortgaged, and conveyed to Plaintiff FTF Lending LLC and Plaintiff's successors and assigns, with mortgage covenants, all of Defendant's right, title and interest in and to the Property.

9.  Plaintiff FTF Lending LLC has performed all conditions precedent under the Note, the Guaranty, and the Mortgage since March 2, 2022. (ECF Doc. 17 at 3, ¶ 17.)

10. Plaintiff FTF Lending LLC is the current holder of the Note, the current holder of the Guaranty, the current holder of the Mortgage, and the real party in interest entitled to enforce the rights and remedies under the Note, the Guaranty, and the Mortgage. (ECF Doc. 17 at 3, ¶ 18.)

11. Under terms of the Note, the Guaranty, and the Mortgage, Defendants L & L Lott Construction LLC and Andre Lott failed to make certain payments to Plaintiff FTF Lending LLC under the Note within 10 days after the due date for such payment. On July 6, 2023, Plaintiff mailed a written notice of default, demand for payment in full, and intent to foreclose (the "**Notice of Default**") to Defendants. The Notice of Default notified Defendants of the default under the Note and provided Defendants with a cure period. Defendants failed to cure the default under the Note within the cure period set forth under the Notice of Default, and default under the Note remains ongoing. (ECF Doc. 17 at 3-5, ¶¶ 19, 20, 21, 22, 23, 24, 25, and 26; ECF Doc. 17-5.)

12. On September 7, 2023, Plaintiff FTF Lending LLC filed that certain Complaint for (1) Breach of Promissory Note, (2) Breach of Guaranty, and (3) Foreclosure of Mortgage, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "**Complaint**"). (ECF Doc. 1.)

13. On December 4, 2023, this Court entered default against Defendant Andre Lott pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF Doc. 10.)

14. Defendants L & L Lott Construction LLC and Lott, jointly and severally, owe Plaintiff FTF Lending LLC the total sum of $122,563.87, plus per diem interest in the sum of $88.92 from April 2, 2024 and thereafter, and all other amounts recoverable under the Note, the Guaranty, and the Mortgage. (ECF Doc. 17 at 5, ¶ 31; ECF Doc. 17-1; ECF Doc. 17-2; ECF Doc. 17-3; ECF Doc. 17-6.)

15. This Court reserves the right to review and to determine the reasonableness of Plaintiff's attorney's fees, costs, and expenses in the event of redemption under the Mortgage or for purposes of ascertaining a deficiency amount following the judicial foreclosure sale of the Property.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED:

A. Upon Count I of the Complaint, Judgment shall be entered in favor of Plaintiff FTF Lending LLC and against Defendant L & L Lott Construction LLC in the total sum of $122,563.87, plus per diem interest in the sum of $88.92 from April 2, 2024 and thereafter.

B. Upon Count II of the Complaint, Judgment shall be entered in favor of Plaintiff FTF Lending LLC and against Defendant Andre Lott in the total sum of $122,563.87, plus per diem interest in the sum of $88.92 from April 2, 2024 and thereafter.

C. Upon Count III of the Complaint, Judgment in mortgage foreclosure shall be entered in favor of Plaintiff FTF Lending LLC and against Defendant L & L Lott Construction LLC. Accordingly, the Mortgage shall be foreclosed and the Property sold at foreclosure sale pursuant to 28 U.S.C. § 2001, *et seq*., Illinois law, and Order(s) of this Court.

D. The amount due under the Mortgage shall be fixed at $122,563.87, plus per diem interest in the sum of $88.92 from April 2, 2024 and thereafter.

E. Plaintiff FTF Lending LLC may submit requests for additional fees and costs associated with the foreclosure sale of the Property at a subsequent time for this Honorable Court's review and consideration.

F. The Property shall be sold according to the following procedures:

1. A(n) officer designated by this Court (the "Sales Officer") shall sell the Property for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2001, *et seq*., Illinois law, and Order(s) of this Court.

2. The Sales Officer shall publish notice of sale pursuant to 28 U.S.C. § 2002 and Illinois law once a week for 4 consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the county and

4

Judicial District where the Property is situated. To reduce the costs and expenses of the sale, Plaintiff FTF Lending LLC may advertise a short description of the Property rather than a complete legal description. The notice of public sale shall include all information required pursuant to Illinois law but an immaterial error in the information shall not invalidate the legal effect of the notice.

3. Counsel for Plaintiff FTF Lending LLC shall also give notice of sale to all Parties appearing in this action and not heretofore being found in default. Such notice shall be given in the manner prescribed under the Federal Rules of Civil Procedure, Local Rules and/or Illinois law. After Plaintiff's counsel gives notice of sale, Plaintiff's counsel shall file the notice with the Clerk of Court together with a certificate of counsel or other proof that notice has been served.

4. Plaintiff FTF Lending LLC or Plaintiff's nominee, designee, or authorized agent shall be granted a right of entry to the Property at reasonable times for purposes of pre-sale inspection with the right to inspect the Property, books, records and accounts, and all other items, things and information necessary for the inspection, advertisement and sale of the Property.

5. Bidding at public sale shall be made without conditions and contingencies of any kind. The Property shall be sold "as is" and "where is", with all faults and with no representations or warranties of any kind.

6. The terms of sale shall be set forth in the notice of sale and/or announced at sale. All payments tendered shall be by wire transfer, certified check, or by bank cashier's check.

7. Plaintiff FTF Lending LLC may bid at the sale. If Plaintiff is the highest bidder, then the amounts due to te Plaintiff, plus all costs, advances and fees, together with interest incurred between the entry of this Judgment and confirmation of sale, shall be credited against Plaintiff's bid.

8. If Plaintiff FTF Lending LLC is not the successful bidder at public sale of the Property, then then Plaintiff shall automatically be registered as the second highest bidder at the Judgment amount and may proceed to make settlement with the Sales Officer in the event of default by the highest bidder.

9. The successful bidder shall take the Property subject to and pay all taxes, water rents or charges, sewer rents or charges, municipal claims, and any other claims, charges, and liens against the Property which are not divested by the sale. The successful bidder also shall pay all Federal, State, and local transfer taxes and stamps.

5

10. In the event the successful bidder fails to comply with the terms of public sale as required, then upon demand by Plaintiff FTF Lending LLC in a notice served upon the Sales Officer and successful bidder, the funds submitted by the successful bidder to the Sales Officer shall be forfeited to Plaintiff, or, in the alternative, Plaintiff may have the Property sold to the next highest bidder. In the event there is a third-party bidder other than Plaintiff, the Sales Officer shall obtain the name, address and telephone number of that bidder. Notice by United States regular mail to the address given by the successful bidder and to the Sales Officer conducting the public sale shall be deemed to be sufficient notice by Plaintiff to exercise its option to forfeit the funds.

11. If there are funds remaining after payment of all disbursements required by the final judgment or foreclosure and shown on the report of disbursements, the surplus shall be distributed as provided by further Order(s) of this Court.

12. The amount of the bid for the Property at the sale shall be conclusively presumed to be sufficient consideration for the sale. Any party may serve an objection to the amount of the bid within 10 days after the Sales Officer files the report of sale. If timely objections to the bid are served, the objections shall be heard by this Court. Service of objections to the amount of the bid does not affect or cloud the title of the purchaser in any manner. If the case is one in which a deficiency judgment may be sought and application is made for a deficiency, the amount bid at the sale may be considered by this Court as one of the factors in determining a deficiency under the usual equitable principles.

G. Counsel for Plaintiff FTF Lending LLC shall deliver a true and accurate copy of this Judgment Entry and Decree of Mortgage Foreclosure and Sale to the Sales Officer.

H. Counsel for Plaintiff FTF Lending LLC shall serve a true and accurate copy of this Judgment Entry and Decree of Mortgage Foreclosure and Sale upon Defendants (1) L & L Lott Construction LLC, and (2) Andre Lott, each by UPS next day delivery, United States certified mail, return receipt requested, United States regular mail, postage prepaid, and/or by email.

I. This Court shall retain jurisdiction over this case for the granting of such further Order(s), decrees, and relief as circumstances may require or deemed appropriate and proper.

J. This Judgment Entry is certified and entered by the Court, and there is no just reason for delay pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

6

IT IS SO ORDERED.

Dated: September 27, 2024

STEVEN C. SEEGER
UNITED STATES DISTRICT JUDGE

7